BUCA di BACCO, INC., Plaintiff,

v.

BUCA di BACC', INC., Defendant.

Civ. A. No. H–92–3826.

United States District Court,
S.D. Texas,
Houston Division.

Feb. 3, 1993.

---

Stephen I. Weil, Weil & Associates, Houston, TX, for plaintiff.

Donald Gunn, Gunn Lee & Miller, Gary M. Polland, Polland & Cook, Jeffrey W. Gillespie, Houston, TX, for defendant.

## ORDER

ROSENTHAL, District Judge.

Pending before this court is plaintiff Buca di Bacco, Inc.'s ("plaintiff") Application for Attorneys' Fees and Costs. (Docket Entry # 20). After careful review of the facts and applicable law, this court finds that plaintiff's application must be denied.

### I.

This case involves claims of trade dress infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff requested, and this Court granted, a temporary restraining order against defendant Buca di Bacc', Inc.'s ("defendant") continued use of the name "Bacco's" for its Italian restaurant. Before the preliminary injunction hearing, the parties settled all claims except plaintiff's request for attorneys' fees.

### II.

In general, prevailing parties do not recover attorneys' fees without statutory authority. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir.1992). The Lanham Act allows courts to award attorneys' fees only in "exceptional" circumstances. 15 U.S.C. § 1117(a) (1988). Courts have not found the circumstances exceptional unless the facts include that one party has acted with "some form of willful, deliberate, or fraudulent conduct." *Taco Cabana Int'l v. Two Pesos, Inc.*, 932 F.2d 1113, 1127 (5th Cir.1991).

In deciding whether a party's conduct meets the "exceptional" test, a court must examine all the facts and surrounding circumstances. *CJC Holdings*, at 64. The Fifth Circuit recently adopted the Federal Circuit's test "that the prevailing party must demonstrate the exceptional nature of a case by clear and convincing evidence...." *Id.* The Fifth Circuit has rejected the argument that intentional copying of a plaintiff's trade dress creates a *per se* exceptional case. *Id.* at 64. Finally, the Fifth Circuit requires a high degree of culpability, such as bad faith or fraud, to find a case sufficiently "exceptional" to justify awarding attorneys' fees. *Moore Bus. Forms, Inc. v. Ryu*, 960 F.2d 486, 491–92 (5th Cir.1992).

In *CJC Holdings, supra*, the Fifth Circuit held that the deliberate copying of plaintiff's trade dress in that case did not necessarily give rise to an exceptional case. The court first noted that "CJC's ring was not protected by patent or copyright." *Id.* In the present case, plaintiff did not have any registration for "Bacco's." Furthermore, the *CJC Holdings* court noted that the plaintiffs had not proven damages, and state that "lack of damages is an important factor to consider in determining whether a case is exceptional." In the present case, plaintiffs also failed to prove damages, and this court doubts plaintiff's ability to do so given the extremely short time period in which defendant operated its competing restaurant.

The court is aware that where, as here, defendant knew of plaintiff and of the possible infringement before proceeding with its restaurant, courts have found factors present that support a finding of an "exceptional" case for the purpose of awarding attorneys' fees. However, the court in *CJC Holdings, supra*, also stated that a case may not be exceptional, even when deliberate copying occurs, if "the party presents what it in good faith believes may be a legitimate defense." *Id.* at 66. In the present case, this court determined that plaintiff had a substantial likelihood of success at trial on its trade dress infringement claim. However, this finding does not negate defendant's good faith belief that it had a reasonable defense. For example, defendant initially argued that

because Buca di Bacco, Inc. did not have a state assumed name filing, it did not have the right to claim protection for the name "Bacco's." Although a flawed legal theory, this court cannot say that such a defense was not argued in good faith. Additionally, defendant argued that plaintiff should not be entitled to trade dress protection because plaintiff could not sustain each element of a claim for trade dress infringement, particularly distinctiveness or secondary meaning. This is similar to the *CJC Holdings* court's example of a good faith defense based on functionality. *Id.* Although this court ultimately rejected defendant's arguments, this court does not find that defendant lacked any colorable claim. In such circumstances, the court finds an award of attorneys' fees inappropriate.